

SULLIVAN &
WORCESTER

Sullivan & Worcester LLP   T 212 660 3000
1290 Avenue of the Americas   F 212 660 3001
New York, NY 10104   www.sandw.com

Direct Line: 212 660 3024
msullivan@sandw.com



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/07

December 19, 2007

**BY FEDERAL EXPRESS**

Hon. Richard J. Sullivan
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

<u>Theresa Guirlando v. T.C. Ziraat Bankasi (07-CV-10266)</u> (RJS)

Dear Judge Sullivan:

    We represent T.C. Ziraat Bankasi ("Ziraat" or the "Bank"), the defendant in the above-captioned case. We write, pursuant to Your Honor's Individual Rule 2.A., to request a pre-motion conference with the Court. We believe that a pre-motion conference will help address some complications attending the Bank's contemplated motion to dismiss and to set an appropriate briefing schedule. As the Bank's response to the Complaint is due on January 3, 2008 pursuant to the Stipulation and Order of November 30, 2007, we further request that the Court stay the time for the Bank to respond to the Complaint until a scheduling order is issued following the conference.

    We have conferred with Plaintiff's counsel and she does not object to our request for a conference or for deferral of our time to respond; but she does so with the proviso that she should be allotted equal time to prepare her response to our motion. We have no objection to a briefing schedule granting the parties equal time to prepare their respective briefs.

Nature of this Action

    Plaintiff alleges that she traveled to Turkey to join her husband, a Turkish national. While there, she alleges, she opened a bank account at a Bank branch located in Adana, Turkey. She further alleges that the account she opened was a "joint account" over which both she and her husband each had the ability to draw against the account singly.

    Plaintiff claims that her husband unilaterally withdrew $200,000 from the account while in Turkey.

    Plaintiff alleges that she was misled by her husband: she claims that, inter alia, at the time he married her in the United States, he was already married to another Turkish national.

Hon. Richard J. Sullivan
December 19, 2007
Page 2

Plaintiff seeks to recover the withdrawn $200,000 from the Bank. While the nature of her legal claim against the Bank remains unclear, it appears that she bases her effort on the allegation that relevant Bank officers assigned to the Bank's Andana, Turkey branch were somehow aware that her husband was a "bad guy."

Ziraat is a banking corporation organized under Turkish law. It maintains scores of branches in Turkey; and it maintains one in the United States (the "New York Branch").

### The Intended Motion

The Bank intends to seek dismissal on the grounds of *forum non conveniens*. In support of this motion, the Bank will argue that dismissal is appropriate under the three-part analysis laid out in Iragorri v. United Techs. Corp, 274 F.3d 65, 73-74 (2d Cir. 2001) (en banc).

We expect the Bank's motion will satisfy the analysis set out in Iragorri, which requires the Court to: (1) determine the level of deference to be given to plaintiff's choice of forum, (2) "consider whether an adequate alternative forum exists", and if so, (3) balance the private and public interest factors to ascertain the forum in which the case should be adjudicated. Id., 274 F.3d at 73-74.

First, Plaintiff's forum choice merits reduced deference because all the alleged operative facts all took place in Turkey and have no connection to New York. Second, Turkey is an available forum with an adequate judicial system and laws to address Plaintiff's claims. Third, the balance of interests weighs in favor of dismissal because other than the Plaintiff, we anticipate that all witnesses and records are located in Turkey, that records will be in Turkish, that Turkey has the stronger interest in regulating its banks and their relationships with customers, and that Turkish law governs the Bank's relationships and its conduct in Turkey.

There are several complicating factors attending a *forum non conveniens* motion which we will raise in the pre-motion conference. First, in order to properly litigate the balance of interest prong of the above analysis, we will ask the Court for limited discovery identifying the names and locations of anticipated witnesses and documentary evidence. Second, *forum non conveniens* motions are typically decided on declarations and affidavits. In particular, "[t]he adequacy of the foreign forum and the substance of any relevant foreign law is usually established through expert affidavits or declarations." Varnelo v. Eastwind Transport, Ltd., 2003 WL 230741, *15 (S.D.N.Y. 2003). Accordingly, we will request sufficient time to obtain a declaration from an overseas expert on Turkish law. In addition, we will ask the Court to confirm that the attachment of declarations or affidavits to our papers will not cause the motion to be treated as one for summary judgment pursuant to Rule 12(c)-(d). Last, the Bank seeks to make this motion without waiving its right to move to dismiss on other grounds.

We submit that judicial economy is served by bifurcating these issues and addressing the *forum non conveniens* issue first as the Court's decision may obviate the need for further briefing by the parties. Thank you for considering our application.

Respectfully submitted,

Michael T. Sullivan

MTS/na

cc: Violet Elizabeth Grayson, Esq. (By e-mail and regular mail)
Karin Klapper Orenstein, Esq. (By e-mail)

---

A Pre Motion Conference will be held on January 4, 2008 at noon. Defendant's time in which to answer the complaint is hereby extended until after resolution of proposed motion to dismiss.

SO ORDERED
Dated: 12/20/07
RICHARD J. SULLIVAN
U.S.D.J.