



Sullivan & Worcester
290 Avenue of the Americas
New York, NY 10104

T 212 660 3000
F 212 660 3001
www.sandw.com

Direct Line: 212 660 3024
msullivan@sandw.com

January 16, 2008

**BY FEDERAL EXPRESS**

Hon. Richard J. Sullivan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

<u>Theresa Guirlando v. T.C. Ziraat Bankasi (07-CV-10266)(RJS)</u>

Dear Judge Sullivan:

  We represent the defendant T.C. Ziraat Bankasi (the "Bank"). We seek the Court's permission to include additional bases for dismissal, including lack of subject matter jurisdiction, in the motion the Court authorized on January 4, 2008.

  Since that conference, we have determined that plaintiff's claim is barred by the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1330, 1602-11. Because it is wholly owned by the Republic of Turkey, the Bank is deemed an agency or instrumentality of a foreign state. <u>See</u> 28 U.S.C. § 1603(b). As such, the Bank is "presumptively immune from the jurisdiction of United States courts" unless an exception exists. <u>Saudi Arabia v. Nelson</u>, 507 U.S. 349, 355, 113 S. Ct. 1471, 1476 (1993); <u>see</u> 28 U.S.C. § 1604. No such exceptions apply.

  We note that a commonly cited exception -- the commercial activity exception -- is inapplicable because the parties' dispute is not "based upon" commercial activity "in the United States" or "caus[ing] a direct effect in the United States." <u>See</u> 28 U.S.C. § 1605(a)(2). Because no exception applies, the Court lacks subject matter jurisdiction over the litigation. <u>See</u> <u>Garb v. Republic of Poland</u>, 440 F.3d 579, 581-82 (2d Cir. 2006). Thus dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is proper.

  In addition, the FSIA renders plaintiff's service of process ineffective and insufficient. The FSIA "provides the 'sole basis' for obtaining jurisdiction" over the Bank in the United States. <u>Republic of Argentina v. Weltover, Inc.</u>, 504 U.S. 607, 611, 112 S. Ct. 2160m, 2164 (1992) citing <u>Argentine Republic v. Amerada Hess Shipping Corp.</u>, 488 U.S. 428, 434-439 (1989). This rule applies to the instant case even though the Bank maintains an office in New York. <u>See, e.g.</u>, <u>Elliott v. British Tourist Authority</u>, 986 F. Supp. 189, 191-92 (S.D.N.Y. 1997). It appears that plaintiff did not comply with the FSIA's requirements for service of

Hon. Richard J. Sullivan
January 16, 2008
Page 2

process, both with respect to contents and method. 28 U.S.C. § 1608(b). Thus, dismissal pursuant to Fed.R.Civ.P. 12(b)(4) and (5) is proper.

Further, without subject-matter jurisdiction and valid service of process, there can be no personal jurisdiction over the Bank in federal court. See Fagan v. Deutsche Bundesbank, 438 F.Supp.2d 376, 391 (S.D.N.Y. 2006) ("Under the FSIA, personal jurisdiction equals subject matter jurisdiction plus valid service of process."). Accordingly, dismissal pursuant to Fed.R.Civ.P 12(b)(2) is appropriate.

For the reasons stated above, we request the Court's permission to include Fed.R.Civ.P. 12(b)(1), (2), (4) and (5) in the authorized motion without the need for an additional pre-motion conference. We are confident that including these bases for dismissal in the Bank's motion will not require any adjustment to the established briefing schedule.

Respectfully submitted,

Michael T. Sullivan

MTS/na

cc: Violet Elizabeth Grayson, Esq. (By e-mail and regular mail)
    Karin Klapper Orenstein, Esq. (By e-mail)

*Defendant's request is granted. The additional grounds described in this letter may be argued in Defendant's brief.*

SO ORDERED
Date: 1/23/08
RICHARD J. SULLIVAN
U.S.D.J.